IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHAD F., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case #4:23-cv-00002-PK <br><br> Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Chad F.'s appeal from the decision of the Social Security Administration denying his application for supplemental security income.[1] The Court affirms the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] Docket No. 15.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not reweigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II. BACKGROUND

A.   PROCEDURAL HISTORY

On February 13, 2020, Plaintiff filed an application for supplemental security income, alleging disability beginning on January 1, 2009.[8] The claim was denied initially and on reconsideration.[9] Plaintiff then requested a hearing before an ALJ, which was held on August 10, 2021.[10] On September 10, 2021, the ALJ found that Plaintiff was not disabled.[11] The Appeals Council granted review and remanded the matter on February 10, 2022.[12] The ALJ conducted a second hearing on June 21, 2022,[13] and again issued an unfavorable decision.[14] The Appeals Council denied review on November 7, 2022,[15] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[16]

---

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 368–70. Plaintiff subsequently amended his alleged onset date to February 13, 2020. *Id.* at 50.

[9] *Id.* at 94, 134.

[10] *Id.* at 45–69.

[11] *Id.* at 135–56.

[12] *Id.* at 157–61.

[13] *Id.* at 70–93.

[14] *Id.* at 18–44.

[15] *Id.* at 1–6.

[16] 20 C.F.R. §§ 416.1481, 422.210(a).

On January 6, 2023, Plaintiff filed his complaint in this case.[17] On January 9, 2023, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[18] The Acting Commissioner filed an answer and the administrative record on March 13, 2023.[19]

Plaintiff filed his Opening Brief on June 6, 2023.[20] The Acting Commissioner's Answer Brief was filed on August 29, 2023.[21] Plaintiff filed his Reply Brief on September 11, 2023.[22]

B.   MEDICAL EVIDENCE

Plaintiff sought disability based on fibromyalgia, herniated disc, back problems, peripheral neuropathy, sciatica, depression, anxiety disorder, asthma, and prostate problems.[23] Relevant here, Plaintiff began seeing Brady Blackham, D.O., in July 2021 to "assess if he needs to be on disability."[24] A physical exam revealed somewhat reduced strength in his lower extremities, an antalgic gain, and a positive straight leg test.[25] However, Dr. Blackham noted that

---

[17] Docket No. 1.
[18] Docket No. 8.
[19] Docket No. 12.
[20] Docket No. 15.
[21] Docket No. 21.
[22] Docket No. 22.
[23] R. at 420.
[24] *Id.* at 1086.
[25] *Id.* at 1087.

Plaintiff's mood and affect were normal.[26] Dr. Blackham agreed to fill out disability paperwork and, as will be discussed, provided two forms that opined extreme limitations.

In October 2021, Plaintiff reported to Dr. Blackham that he had re-injured his back.[27] Examination revealed full strength in Plaintiff's lower extremities and a negative straight leg raise.[28] In March 2022, Plaintiff reported to Dr. Blackham that he injured himself in a fall.[29] Dr. Blackham assessed a fractured rib.[30] Later that month, Plaintiff complained of low back pain.[31] Dr. Blackham noted muscle spasms and limited range of motion, but mostly full lower extremity strength, and a negative straight leg raise.[32]

C.  THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 13, 2020, the application date.[33] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: recurrent mild major depressive disorder, anxiety disorder not otherwise specified, and degenerative disc disease of the lumbar and thoracic spine.[34] At step three, the ALJ found that Plaintiff did not meet or equal a listed

---

[26] *Id.*
[27] *Id.* at 1093.
[28] *Id.* at 1094.
[29] *Id.* at 1095.
[30] *Id.* at 1096.
[31] *Id.* at 1099.
[32] *Id.* at 1100.
[33] *Id.* at 24.
[34] *Id.* at 24–26.

impairment.[35] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work with certain restrictions.[36] At step four, the ALJ concluded that Plaintiff had no past relevant work.[37] At step five, the ALJ found that there were jobs that exist in significant numbers that Plaintiff could perform and, therefore, he was not disabled.[38]

## III. DISCUSSION

Plaintiff argues that the ALJ erred in his evaluation of the medical opinion evidence provided by Dr. Blackham. For applications filed on or after March 27, 2017, an ALJ is not required to defer to or give any specific weight to medical opinions or prior administrative medical findings.[39] Rather, the ALJ considers them using the criteria in 20 C.F.R. § 404.1520c(c): (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. The most important criteria for determining persuasiveness are supportability and consistency.[40]

"For supportability, the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase."[41] "Consistency, on the other hand, is an all-encompassing inquiry focused on how well a medical

---

[35] *Id.* at 26–30.
[36] *Id.* at 30–33.
[37] *Id.* at 33.
[38] *Id.* at 33–35.
[39] 20 C.F.R. § 404.1520c(a).
[40] *Id.* § 404.1520c(a), (b)(2).
[41] *John H. v. Saul*, No. 2:20-CV-00255-JCB, 2021 WL 872320, at *4 (D. Utah Mar. 8, 2021) (internal quotation marks and citation omitted).

5

source is supported, or not supported, by the entire record."[42] The ALJ must articulate "how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record."[43] The ALJ must explain how he or she considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings but is generally not required to explain how he or she considered other factors.[44] Social Security Ruling 96-8p emphasizes that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[45] "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."[46]

Dr. Blackham provided a physical assessment form and a mental capacity assessment form.[47] In both assessments, Dr. Blackham opined that Plaintiff had severe limitations. Dr. Blackham stated that Plaintiff could only walk one city block without rest or significant pain; he could sit for one hour; stand/walk for one hour; would need to take hourly breaks of 10-15

---

[42] *Id.* (internal quotation marks and citations omitted).

[43] 20 C.F.R. § 404.1520c(b).

[44] *Id*. § 404.1520c(b)(2).

[45] SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

[46] *Id.*; *see also Givens v. Astrue*, 251 F. App'x 561, 568 (10th Cir. 2007) ("If the ALJ rejects any significantly probative medical evidence concerning [a claimant's] RFC, he must provide adequate reasons for his decision to reject that evidence.").

[47] R. at 1058–59, 1062–63.

minutes; could never lift 20 pounds or more; and would be absent from work more than four times per month.[48] Dr. Blackham provided no explanation as to these physical limitations.

With respect to Plaintiff's mental impairments, Dr. Blackham opined that Plaintiff had marked or extreme limitations in a number of areas, including the ability to do the following: sequence multi-step activities; use reason and judgment to make work-related decisions; initiate and perform a task he knows how to do; work at an appropriate and consistent pace, or complete tasks in a timely manner; ignore or avoid distractions while working; work close to or with others without interrupting or distracting them; sustain an ordinary routine and regular attendance at work; work a full day without needing more than the allotted number or length of rest periods during the day; adapt to changes; manage psychologically based symptoms; make plans independently of others; handle conflicts with others; respond to requests, suggestions, criticism, correction, and challenges; and keep social interactions free of excessive irritability, sensitivity, or suspiciousness.[49] For support, Dr. Blackham stated that Plaintiff suffered from "[e]motional lability and fragility that can interfere with normal reasoning, cognition, and social interactions."[50]

In addition to these check-box forms, Dr. Blackham provided a letter that Plaintiff had a prior diagnosis of fibromyalgia and that he met the "diagnostic criteria" for that diagnosis.[51] Dr.

---

[48] *Id.* at 1058–59.
[49] *Id.* at 1062–64.
[50] *Id.* at 1064.
[51] *Id.* at 1091.

Blackham also stated that he could "attest that [Plaintiff] is having some pain and difficulty with his low back."[52]

The ALJ considered Dr. Blackham's opinions and found them unpersuasive.[53] The ALJ found that Dr. Blackham's opinions were inconsistent with other medical records, including the evaluation conducted by Brian Paulson, PA-C,[54] and records from Plaintiff's treatment provider, Dallin Olson, M.D. The ALJ noted that Dr. Olson and PA-C Paulson documented "generally normal physical function and inconsistencies in presentation that suggest symptom magnification."[55] The ALJ also took issue with the fact that Dr. Blackham's opinions were largely made up of checked-box forms "without reference to supporting clinical signs or treatment notes."[56]

The ALJ followed the legal requirements for analyzing Dr. Blackham's opinions and his decision to find them unpersuasive is supported by substantial evidence. As to supportability, the ALJ noted that Dr. Blackham's opinions consisted "mostly of checked boxes without reference to supporting clinical signs or treatment notes."[57] While the use of a checked box form is not necessarily problematic, "such an evaluation form is insufficient to constitute substantial evidence when it stands alone and unaccompanied by thorough written reports or testimony."[58]

---

[52] *Id.*

[53] *Id.* at 32.

[54] *Id.* at 975–82.

[55] *Id.* at 32.

[56] *Id.*

[57] *Id.*

[58] *Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) (citing *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987)).

Here, Dr. Blackham's physical evaluation form contained no supporting explanation and the mental evaluation form contained only a vague statement that Plaintiff suffered from "[e]motional lability and fragility that can interfere with normal reasoning, cognition, and social interactions."[59] Given the limited explanation provided by Dr. Blackham on these forms, the ALJ could rightly conclude that they were unsupported.

Plaintiff argues that the ALJ failed to account for Dr. Blackham's treatment notes. However, those treatment notes do not support the extreme limitations of which Dr. Blackham opined. For example, Dr. Blackham's mental capacity assessment included a number of marked and extreme limitations, but only one treatment note discusses Plaintiff's mental symptoms where Dr. Blackham documented Plaintiff's mood and affect as normal.[60] While Dr. Blackham's physical examinations revealed certain limitations, they do not reflect the type of limitations opined in Dr. Blackham's physical assessment.

As to consistency, the ALJ found that Dr. Blackham's opinions were inconsistent with the findings of PA Paulson and Dr. Olson. Plaintiff takes issue with the ALJ's reliance on PA Paulson's evaluation because Mr. Paulson stated that he was unable to provide an opinion regarding any probable limitations.[61] But this ignores the reason PA Paulson was unable to provide an opinion. PA Paulson noted that Plaintiff "appeared overly symptomatic and exaggerated,"[62] his "[e]ffort was very poor,"[63] and that his "[s]ymptoms and function [were]

---

[59] R. at 1064.

[60] *Id.* at 1087.

[61] *Id.* at 981.

[62] *Id.* at 977.

[63] *Id.* at 979.

9

significantly out of proportion [as to] what could be expected as a result of reported conditions and medical records."[64] The ALJ properly relied on these findings in evaluating Dr. Blackham's opinions, which appear largely based on Plaintiff's subjective complaints. The ALJ could consider Plaintiff's apparent exaggeration of his symptoms in considering the persuasiveness of Dr. Blackham's opinions.[65] With respect to Dr. Olson, his treatment records provide support for the ALJ's finding. While Plaintiff complained of depression, psychological evaluations noted appropriate mood and affect.[66] Dr. Olson's physical examination findings also noted full range of motion, normal strength, and negative straight leg tests.[67] This supports the ALJ's conclusion that Dr. Blackham's opinions were inconsistent with the other medical evidence.

## IV. CONCLUSION

Having made a thorough review of the entire record, the Court affirms the Commissioner's decision.

DATED this 11th day of October, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[64] *Id.*

[65] *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (finding that the ALJ could properly discount the opinions of a treatment provider based on the plaintiff's "propensity to exaggerate her symptoms and manipulate test results").

[66] *Id.* at 688, 692, 698, 915, 986, 1024, 1053.

[67] *Id.* at 688, 915, 944, 1053.